UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re

EDITH L. MOORE aka
EDITH L. SMALLS,

                Debtor.

Chapter 7

Case No. 12-41111-CEC

------------------------------------------------------------x
In re

NATASHA JULIEN aka
KINDA CANDIS JULIEN,

                Debtor.

Chapter 7

Case No. 12-41115-CEC

------------------------------------------------------------x
In re

ROBERT J. SILVA,

                Debtor.

Chapter 7

Case No. 12-41671-CEC

------------------------------------------------------------x
In re

LATESHA S. SHAW

                Debtor.

Chapter 7

Case No. 11-47675-CEC

------------------------------------------------------------x

## SUPPLEMENTAL DECISION

APPEARANCES:

Lance Lazzaro, Esq.
Lazzaro Law Firm
360 Court Street
Brooklyn, New York 11231
Attorney for Peter Mollo

David H. Perlman, Esq.
Law Office of David H. Perlman
186 Montague Street
Brooklyn, New York 11201
Attorney for Anna Pevzner

Alicia Leonhard, Esq.
Marylou Martin, Esq.
Greg M. Zipes, Esq.
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004

CARLA CRAIG
Chief United States Bankruptcy Judge

This supplemental opinion is to provide further explanation for the imposition of the maximum penalty for violations of 11 U.S.C. § 110[1] in the <u>Moore</u>, <u>Julien</u>, and <u>Silva</u> cases in this Court's Decision and Order dated September 28, 2012 ("Decision"), familiarity with which is assumed.

The evidence presented in these cases showed several aggravating and no mitigating circumstances. It is uncontested that multiple violations of § 110 were committed. None of the documents required to be signed by a bankruptcy petition preparer under § 110(b)(1), consisting of the petition, schedules, statement of financial affairs, and means test, were signed in any of these cases, nor was the preparer's name and address printed on the documents, as required by § 110(b)(1). Nor was the identifying number of the petition preparer (the last four digits of the preparer's social security number) shown on any of the documents, as required by § 110(c)(1). The evidence was equally clear concerning the violations of § 110(e)(2) (unauthorized practice of law) and § 110(h)(2) (failure to disclose the fees paid by the debtors).

Ms. Pevzner's testimony that her multiple failures to disclose her involvement in the preparation of these petitions and the compensation she received as required by § 110 constituted "honest mistakes[s]" (Tr. 4/10/12 at 68:14)[2] cannot be credited. Nor can her claim that these "mistakes" are attributable to memory loss resulting from brain surgery or Attention Deficit Disorder be believed. Ms. Pevzner acknowledged that she has been trained as a paralegal and that she knew that bankruptcy petition preparers are subject to legal requirements under the Bankruptcy Code in connection with the preparation of bankruptcy petitions. (Tr. 4/10/2012 at

---

[1] All statutory citations are to provisions of Title 11 of the United States Code.
[2] "Tr." refers to the transcripts for the hearings held on April 10, 2012 and May 30, 2012. Citations to the transcript are by date, page number, and line.

60:21-61:5.) The sheer number of violations in these cases makes it difficult to believe that they were the result of memory loss or inattention.

Moreover, to say that Ms. Pevzner was not candid or forthcoming in her testimony would be a gross understatement; her testimony throughout the two hearings utterly lacked credibility. Her claim that she was not employed by Mr. Mollo was belied by the online resume she posted on LinkedIn, which stated that she was employed by the "Law Office of Peter Mollo" (Tr. 5/30/2012 at 105:8-20.) The claim was also belied by the evidence showing that she received monthly payments from Mr. Mollo for a period of several years; moreover, she demonstrated a continuing lack of candor by attempting to portray these payments as "favors for the services". Tr. 5/30/2012 at 83:3-8.)

In addition to failing to disclose her involvement as a petition preparer, and failing to testify candidly and truthfully, Ms. Pevzner engaged in deception in dealing with the debtors in these cases as well. She presented Ms. Moore and Ms. Julien with retainer agreements stating that they were being represented by Alan Bond, an attorney who had no involvement with these cases whatsoever, and presented Mr. Silva with a retainer agreement with Brooklyn Legal Services, an apparently fictitious entity of which she testified she was the only employee. (UST Exs. 20, 24, 27.) She also provided receipts with Alan Bond's name printed on them to Ms. Moore, Ms. Julien, and Mr. Silva, and used Brooklyn Legal Services on a second receipt provided to Mr. Silva. (UST Exs. 11, 12, 24.) These documents created the false impression that the debtors were employing an attorney to handle their bankruptcies. Moreover, Ms. Pevzner's deceitful use of these names, coupled with her failure to identify herself in any way on the petitions, created a false paper trail that concealed her involvement with these cases.

Mr. Mollo's testimony was equally impossible to credit. He claimed that he did not employ Ms. Pevzner, and that, as a practicing attorney, he did not have a staff, just "a bunch of friends who helped [him]", including Ms. Pevzner. (Tr. 5/30/12 at 118:19-24.) When confronted with his website, stating that "Peter Mollo and his staff will answer questions", he explained that it was "puffery". (Tr. 5/30/2012 at 121:6-11; UST Ex. 14.) Mr. Mollo's testimony that he had no involvement with Ms. Pevzner's activities as a petition preparer was contradicted by Edith Moore's credible testimony that when she called him for help in filing for bankruptcy, he told her to call Ms. Pevzner to set up an appointment; that he was present at her meeting with Ms. Pevzner; and that he insisted upon cash payment and received $600 from her "in his hand" (Tr. 5/30/12 at 24-27.)

Moreover, the untruthfulness exhibited by Mr. Mollo in these cases is part of a pattern of untruthfulness and deception which he has shown throughout these and prior proceedings before this Court. As detailed in the Decision, Mr. Mollo filed the Flowers case nine days after his suspension, and upon the UST's discovery of this, Mr. Mollo assured the UST that neither he nor his employees would file bankruptcy petitions or appear in Bankruptcy Court while he was suspended from the practice of law. In re Flowers, 2012 WL 987298 at *5. Nevertheless, Mr. Mollo filed three more bankruptcy cases less than two days later using another attorney's electronic signature. Id. at *9. During a hearing on the UST's motion for sanctions based upon that conduct, Mr. Mollo again, directly and through his attorney, assured the Court that he would stop practicing law, that he would stop holding himself out as an attorney, and that he would take down his website. Transcript of Hearing held February 7, 2012 at p. 12, lines 6-11; p.50, lines 17-20, Flowers, 2012 WL 987298 (Case No. 12-40298). However, only two days after that hearing, Mr. Mollo had a telephone conversation with Ms. Moore in which he directed her to

4

contact his office to schedule an appointment to prepare her bankruptcy petition. (Tr. 5/30/12 at 25: 15-17.) Additionally, Mr. Mollo had still not taken down his website advertising his services as an attorney more than seven weeks after that hearing. (UST Ex. 14.)

In short, the testimony offered by Ms. Pevzner and Mr. Mollo to describe and explain their conduct in these cases lacked any credibility whatsoever. All the evidence points to the conclusion that Ms. Pevzner's name and other identifying information, and disclosure of compensation, were omitted from these bankruptcy filings not as an "honest mistake", but to conceal her involvement, and Mr. Mollo's, in these cases. Under these circumstances, the maximum penalty of $500 for each violation of §§ 110 (b)(1), (c)(1), (e)(2) and (h)(2) is warranted. Under § 110(l)(2)(D), the trebling of these fines is mandated, for the reasons set forth in the Decision.



**Dated: Brooklyn, New York**
**October 3, 2012**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**